# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ANGELA PARRISH,
      Plaintiff,

        v.

ROTO-ROOTER SERVICES
COMPANY,
      Defendant.

Case No. 1:24-cv-227

McFarland, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

This matter is before the Court on defendant's motion to dismiss (Doc. 7). Plaintiff responded to defendant's motion (Doc. 11), and defendant filed a reply memorandum (Doc. 12).

Plaintiff Angela Parrish initiated this action pro se pursuant to 42 U.S.C. § 2000e-5(f)(1). (Doc. 3). The document attached to her complaint alleges that defendant Roto-Rooter Services Company ("Roto-Rooter") discriminated against her because of her race, in violation of 42 U.S.C. § 2000e-2(a)(1), and her age, in violation of the Age Discrimination in Employment Act ("ADEA"). (Doc. 3 at PAGEID 22).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Roto-Rooter moved to dismiss Parrish's complaint for failure to state a claim upon which relief may be granted and because plaintiff has not met the statutory prerequisites for filing a federal employment discrimination claim. (*Id.*). In response to defendant's motion to dismiss, plaintiff filed a compilation of unexplained emails and other documents. (Doc. 11).

## I. Background

Parrish alleges that Roto-Rooter hired her in 1997 as a Benefits Representative, but she ultimately moved into a Human Resources Coordinator position. (Doc. 3 at PAGEID 21). In September 2023, plaintiff learned that some of her job duties were being outsourced, her

remaining duties would be absorbed by existing employees, and her employment was being terminated.  (Doc. 3 at PAGEID 18).  When other employees learned of plaintiff's termination, they "expressed pay disparities."  (*Id.*).  Plaintiff further alleges that she was not allowed to apply for other positions within the company and that she "was also a whistle blower regarding Chana Morris, HR director."  (Doc. 3 at PAGEID 19-20).

Plaintiff attached to her complaint a copy of the discrimination charge she filed with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC) on February 7, 2024.  (Doc. 3 at PAGEID 21-22).  In her charge, plaintiff states, "I believe I was discriminated against because of my race, Black and my age, (over 40), in violation of the Age Discrimination in Employment Act of 1967, as amended."  (*Id.* at PAGEID 22).  She makes no mention of protected activity or being a whistleblower.  (*Id.* at PAGEID 21-22).

Defendant moved to dismiss plaintiff's complaint because: (1) she failed to provide the statutorily required right-to-sue letter; and (2) she does not allege facts sufficient to support a discrimination claim.  (Doc. 7).  In response, plaintiff filed 39 pages of emails and personal documents without explanation or context.  Among the documents, plaintiff included a copy of her right-to-sue letter, dated February 8, 2024.  (Doc. 11 at PAGEID 70).

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To withstand a motion to dismiss, a complaint must comply with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)).

A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A district court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

Generally, a court cannot consider "matters outside the pleadings" without treating it as a motion for summary judgment. Fed. R. Civ. P. 12(d). However, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016) (quoting *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007)). Because EEOC charges are administrative prerequisites to filing complaints alleging unlawful discrimination, courts typically consider the EEOC charge and its resolution in evaluating motions to dismiss such complaints. *Amini v. Oberlin Coll.*, 259 F.3d 493, 503 (6th Cir. 2001) ("[T]here is no question that the EEOC charge, the filing of which was a precondition to [plaintiff] bringing this suit, is central to [the] discrimination claim."). *See also Benzaoual v. OhioHealth Corp.*, No. 2:19-cv-3366, 2020 WL 7698123, at *5 (S.D. Ohio Dec. 28, 2020). Where the authenticity of the EEOC documents is not in question and plaintiff failed to attach them to the complaint, courts properly consider EEOC documents attached to other filings. *See Benzaoual*, 2020 WL 7698123, at *5.

### III.  Plaintiff has Complied with Statutory Requirements.

Roto-Rooter first contends that plaintiff's complaint must be dismissed because she failed to comply with statutory prerequisites for filing a discrimination claim.  (Doc. 7 at PAGEID 35).  Before bringing a discrimination claim in federal court, a plaintiff must:  (i) file a timely charge of discrimination with the EEOC; and (ii) receive from the EEOC a right-to-sue letter.  *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006); *Reece v. PPG Indus.*, No. 2:18-cv-1466, 2020 WL 13665378, at *3 (S.D. Ohio Apr. 29, 2020).

Plaintiff attached to her complaint a copy of the discrimination charge she filed with the EEOC on February 7, 2024.  (Doc. 3 at PAGEID 21-22).  In responding to defendant's motion to dismiss, plaintiff included her EEOC right-to-sue letter dated February 8, 2024.  (Doc. 11 at PAGEID 70).  Roto-Rooter does not contest the authenticity of these documents.  (Doc. 12).  Accordingly, plaintiff has successfully complied with the statutory prerequisites for filing an employment discrimination complaint.

### IV.  Plaintiff Failed to Allege Facts Sufficient to State a Claim for Employment Discrimination.

The ADEA makes it unlawful to "discharge . . . or otherwise discriminate against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  A *prima facie* case under the ADEA requires a plaintiff to show "that:  (1) she was over 40 years old; (2) she suffered an adverse employment action; (3) she was qualified for the position she held; and (4) she was either replaced by a person outside the protected class or treated differently than similarly-situated individuals."  *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448 (6th Cir. 2018) (quoting *House v. Rexam Beverage Can Co.,* 630 F. App'x 461, 462 (6th Cir. 2015)).

Similarly, Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to [their] compensation, terms, conditions or privileges of employment, because of such individual's race."  42 U.S.C. S 2000e-2(a)(1).  To establish a *prima facie* case of discrimination under Title VII, a plaintiff "must show that: 1) she is a member of a protected class; 2) she was qualified for the job and performed it satisfactorily; 3) despite her qualifications and performance, she suffered an adverse employment action; and 4) she was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside her protected class."  *Logan v. Denny's,* 259 F.3d 558, 567 (6th Cir. 2001) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973)).

However, "at the motion-to-dismiss stage, a plaintiff is not required to plead facts establishing a *prima facie* case. . . ."  *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024).  *See also Keys v. Humana*, Inc., 684 F.3d 605, 609 (6th Cir. 2012) (finding "error for the district court to require Keys to plead a *prima facie* case under *McDonnell Douglas* in order to survive a motion to dismiss") and *Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 (6th Cir. 2024) (noting that the rule from *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) that the *prima facie* case is "an evidentiary standard, not a pleading requirement" "survived the heightened pleading standard ushered in by *Twombly* and *Iqbal*").  Rather, to survive a motion to dismiss, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face," drawing all reasonable inferences in plaintiff's favor.  *Ogbonna-McGruder*, 91 F.4th at 839 (quoting *Iqbal*, 556 U.S. at 678).  Specifically, a plaintiff "need allege only (a) the statutory basis for [the] claims, and (b) the factual predicate of those claims, such that the defendants are 'apprise[d] . . . of the [ ] claims and the grounds upon which they rest.'"  *Dickinson v. Zanesville*

*Metro. Hous. Auth.*, 975 F. Supp. 2d 863, 871 (S.D. Ohio 2013) (quoting *Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007)).

Here, then, plaintiff's complaint "must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that Roto-Rooter discriminated against plaintiff because of her age or race.  *See Keys*, 684 F.3d at 610 (quoting *Iqbal*, 556 U.S. at 678, 679).  Courts must liberally construe pro se pleadings and hold them to less stringent standards than those prepared by attorneys.  However, liberal construction does not impose a "duty to scour the record to locate" a plaintiff's claims or require courts "to conjure up allegations not pleaded or guess at the nature of an argument." *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) (citing *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989)).  *See also Dillon v. Hamlin*, 718 F. Supp. 3d 733, 745 (S.D. Ohio 2024) ("[E]ven 'liberal construction [of pro se pleadings] does not require a court to conjure allegations on a litigant's behalf.'") (quoting *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)).

In this case, the EEOC charge indicates that plaintiff is more than forty years old.  (Doc. 3 at PAGEID 22).  However, plaintiff's complaint does not allege facts that connect her termination to her age in any way.  Indeed, plaintiff's complaint fails to mention age at all.  (Doc. 3).

Similarly, plaintiff identifies herself in her EEOC charge as black.  (Doc. 3 at PAGEID 22).  However, her complaint fails to allege facts that connect her termination to her race in any way.  She alleges that Roto-Rooter terminated her employment and did not allow her to apply for other positions within the company.  (Doc. 3 at PAGEID 18-19).  Plaintiff's remaining allegations state only:

-After other employees found out I was being let go [they] expressed pay disparities. 1. Theresa Petterson 2. Carol Majewski. I was making less than Lori Roberto – Theresa Peterson. Employees within my department.

\* \* \*

-The position in risk management or additional help was offered to a part time employee Toni Hall.

-I was not even offered to continue my other duties and help out in the department. This was offered to Ann Downey when she was part[-t]ime. She took on some of my duties to assist me when my workload was heavy.

-Prior to all of the above, our director was under investigation, and later her job was filled by Susan Kock the HR Manager.

-I found out that my duties that [were] outsourced were transfer[ed] to Lauren Kendall my supervisor, but originally advised the company that was doing the outsourced FMLA duties would handle everything so nothing would be available.

-I was also a whistle blower regarding Chana Morris HR Director.

(Doc. 3 at PAGEID 18-20).

Plaintiff's complaint fails to mention race or age and "patently lacks facts that connect the dots between" her termination and her age or race or any protected whistleblowing activity. *See House*, 630 F. App'x at 464. Liberally construing these allegations, the Court finds that plaintiff's complaint lacks sufficient factual content from which an inference of employment discrimination can be drawn.[1] Therefore, defendant's motion to dismiss should be granted.

---

[1] Although plaintiff's EEOC charge contained no mention of whistleblowing or retaliation, plaintiff's complaint alleges a single sentence that she was a "whistle blower regarding Chana Morris HR Director." (Doc. 3 at PAGEID 20). This one-sentence allegation fails to state a claim to relief that is plausible on its face. *See Ogbonna-MacGruder*, 91 F.4th at 839. Therefore, defendant's motion to dismiss should be granted as to any alleged whistleblower claim.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion to dismiss (Doc. 7) be **GRANTED** on all claims.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 1/16/2025

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ANGELA PARRISH,                                    Case No. 1:24-cv-227
      Plaintiff,

                                        McFarland, J.
      vs.                                          Litkovitz, M.J.

ROTO-ROOTER SERVICES
COMPANY,
      Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).